IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-240-FL-1
5:12-CV-218-FL

| | |
|---|---|
| ROSELIO GARCIA-AGUILERA, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On 19 April 2012, petitioner Roselio Garcia-Aguilera ("petitioner") filed a petition (D.E. 33), pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence ("§ 2255 petition"). On 26 April 2012, the court directed the government to file an answer or other appropriate response to the petition. (D.E. 34). On 6 June 2012, the government filed a motion to dismiss the petition (D.E. 36) and a memorandum in support (D.E. 37).

Also before the court are: (1) petitioner's motion to construe his § 2255 petition as one brought pursuant to 28 U.S.C. § 2241 ("§ 2241 petition"), which was included in his response (D.E. 39) to the government's motion to dismiss; and (2) his motion (D.E. 40) for an order confirming that his § 2255 petition will not be counted as a first petition under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255(e). The government did not file a response to either of these motions.

Each of the above-described matters was referred to the undersigned for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. For the reasons stated herein, it will be recommended that the government's motion to dismiss be granted, the petition be dismissed, and the motions to

construe the § 2255 petition as a § 2241 petition and to count the § 2255 petition as petitioner's first be denied.

## BACKGROUND

On 22 June 2010, petitioner was charged by criminal complaint (D.E. 1) with illegal reentry by an aggravated felon pursuant to 8 U.S.C. § 1326(a) and (b)(2). He was subsequently indicted (D.E. 13) for this offense on 16 July 2010. On 13 September 2010, petitioner pled guilty (D.E. 17) without a plea agreement, and on 15 December 2010 was sentenced to 96 months' imprisonment and 3 years' supervised release. (J. (D.E. 23) 1-3).

Petitioner appealed his sentence, asserting that it was substantively unreasonable, and on 1 August 2011, the Fourth Circuit affirmed the district court's judgment. S*ee United States v. Garcia-Aguilera*, 441 Fed. Appx. 161, 162 (4th Cir. 2011). Thereafter, petitioner filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on 5 December 2011. *United States v. Garcia-Aguilera*, 132 S. Ct. 834 (2011).

On 19 April 2012, petitioner filed the § 2255 petition now before the court. In response to it, the government filed a motion to dismiss asserting, *inter alia*, that petitioner's claim does not fall within the narrow range of claims that can be brought pursuant to § 2255. (Gov.'s Memo. 3-4). In his response to the motion to dismiss, petitioner concedes that his claim is not one that should be brought under § 2255, but argues that it can be brought under § 2241. (Pet.'s Resp. 1-2). Accordingly, petitioner included in his response a motion requesting that this court construe his § 2255 petition as one arising under § 2241 and that this case be transferred to the proper jurisdiction for a § 2241 petition, *i.e.*, the jurisdiction in which he is incarcerated. *See* 28 U.S.C. § 2241(a) (providing that a writ of habeas corpus may be granted by a district court in the district where petitioner is restrained). In light of his proposed conversion of the § 2255 petition

to a § 2241 petition, petitioner filed a motion requesting that the § 2255 petition not be counted as his first under the AEDPA in the event that he decides to file a § 2255 petition in the future.

# DISCUSSION

## I. Standard of Review for § 2255 Petitions

Pursuant to 28 U.S.C. § 2255, a prisoner may seek correction or vacation of a sentence on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing § 2255 Proceedings provides that the courts must promptly review § 2255 petitions along with "any attached exhibits, and the record of prior proceedings" to determine if the petitioner is entitled to any relief. *Id*. If the court concludes that the petitioner is not entitled to relief, it must dismiss the petition. *Id*. Otherwise, it must direct the United States Attorney to file a response. *Id*. Generally, an evidentiary hearing is required under 28 U.S.C. § 2255 "[u]nless it is clear from the pleadings, files, and records that the prisoner is not entitled to relief." *United States v. Rashaad*, 249 Fed. Appx. 972, 973 (4th Cir. 2007) (citing *Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970)).

## II. Absence of Need for an Evidentiary Hearing

The court has considered the record in this case and applicable authority to determine whether an evidentiary hearing is needed to resolve the matters before the court. The court finds that the existing record clearly shows that petitioner is not entitled to relief on his claims and that an evidentiary hearing is not needed. The court will therefore proceed without an evidentiary hearing.

### III. Petitioner's § 2255 Claim

In his § 2255 petition, petitioner seeks an order directing the government to show cause why petitioner should not be entitled to a sentence reduction based on a "fast-track" program of the United States Department of Justice ("DOJ"), which was implemented after petitioner's sentence became final in 2011. This program provides an opportunity for defendants charged with felony illegal reentry to receive a reduced sentence in exchange for a swiftly entered guilty plea and the waiver of certain rights. *See* Memorandum of James M. Cole, Deputy Attorney General, to all United States Attorneys (31 Jan. 2012), available at: http://www.justice.gov/dag/fast-track-program.pdf (last visited 12 May 2014) ("DOJ Memorandum"). The DOJ Memorandum directed that United States Attorneys in all districts implement fast-track programs by 1 March 2012 for cases charging illegal reentry after deportation in violation of 8 U.S.C. § 1326. *Id*. at 3, 4. In return for a defendant's participation in the fast-track program, the federal prosecutor files a motion for downward departure under § 5K3.1 of the United States Sentencing Guidelines Manual (which allows the court, on the motion of the government, to depart downward up to 4 levels pursuant to a DOJ early disposition program). *Id*. at 4.

The court finds that petitioner is not entitled to the relief he seeks. First, the DOJ Memorandum expressly states that it "provides only internal Department of Justice Guidance" and "may not be relied upon to create any rights." DOJ Memo. 1; *see also Boakye v. United States*, Nos. 1:11cr455 (JCC), 1:12cv1226, 2013 WL 2458623, at *1 (E.D. Va. 6 June 2013) (noting that courts "across the country" have held that "the existence of a fast track program does not create any enforceable right under the Constitution or any federal law, and a defendant's participation in such a program is a matter for the United States Attorney's discretion"

(collecting cases)). The court has no authority to direct DOJ to take any action with respect to its discretionary fast-track program. Further, petitioner was sentenced prior to DOJ's adoption of this policy, and courts have made clear that there is no right to its retroactive application. *See United States v. An Soon Kim*, No. 11 Cr. 0074(DLC), 2013 WL 2480245, at *3 (S.D.N.Y. 10 June 2013) (denying petitioner's § 2255 petition on the grounds that "[t]here is no right to the retroactive application of the DOJ's [fast-track] memorandum"); *see also United States v. Garcia-Ugarte*, 688 F.3d 314, 317 n.1 (7th Cir. 2012) (noting that the defendant was not entitled to fast-track consideration because he was sentenced before the implementation date of the policy); *United States v. Ojeda-Texta*, Criminal Action No. 10-156, 2012 WL 4210292, at *2 (E.D. La. 19 Sept. 2012) (same); *United States v. Santillan-Salinas*, No. 10-CR-50089-001, 2012 WL 6771395, at *2 (W.D. Ark. 5 Dec. 2012) (denying defendant's motion to reduce his sentence on the basis of the fast-track program because he was sentenced prior to implementation of the fast-track program). Accordingly, petitioner's § 2255 claim is without merit and should be dismissed.

**IV.     Petitioner's Motion to Construe the § 2255 Petition as a § 2241 Petition**

The court's conclusion that petitioner's claim is without merit obviates addressing whether it is more appropriately raised under § 2241. Nevertheless, even assuming that the claim is viable, it is not of the type that can be raised pursuant to § 2241. A § 2241 petition is used to challenge the execution of a sentence, such as application of good time credit by a prison. *See, e.g., United States v. Miller*, 871 F.2d 488, 489-90 (4th Cir. 1989) (holding that "[a] claim for [jail] credit against a sentence [by the Federal Bureau of Prisons] attacks the computation and execution of the sentence rather than the sentence itself" and, therefore, "[j]udicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing

court"); *see also Brown v. United States*, Nos. 5:11cv155-V-2, (5:09cr49-6-V), 2011 WL 6000547, at *2 (W.D.N.C. 30 Nov. 2011) ("A challenge to the execution of a federal sentence, as opposed to its legality, must be brought pursuant to 28 U.S.C. § 2241, not § 2255."); *Rivera v. United States*, 2006 WL 1116372, at *4 (D. Minn. 25 Apr. 2006) (holding that because petitioner's claim for a reduced sentence under an earlier version of the DOJ fast-track program[1] was "directly contesting the sentence he received," it could not be brought under § 2241).

Here, petitioner is not attacking the execution of his sentence, but rather its legality, and, therefore, his claim is not one that can be pursued under § 2241. *See, e.g., Smith v. Warden, FCI Butner*, No. 5:11-HC-2129-FL, 2012 WL 461786, at *1-2 (E.D.N.C. 13 Feb. 2012) (holding that petitioner's claim that he should not have been sentenced as an armed career criminal in light of a recent United States Supreme Court opinion was a challenge to the legality of his sentence and should have been brought pursuant to § 2255 not § 2241).

For the foregoing reasons, the court concludes that petitioner's motion to construe his § 2255 petitioner as one arising under § 2241 and to transfer it to the district in which he is confined should be denied.

## V. Petitioner's Motion for an Order Confirming that His § 2255 Petition Will Not Be Counted as a First Petition under the AEDPA

Finally, the court addresses petitioner's motion requesting that the instant § 2255 petition not be counted as his first such petition for the purposes of the AEDPA. The AEDPA restricts the jurisdiction of a district court to hear a second or successive § 2255 petition unless the filing of such a petition has been authorized by the appropriate court of appeals. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A); *see also Felker v. Turpin*, 518 U.S. 651, 657 (1996) ("The

---

[1] *See* DOJ Memo. 2 (describing the previous fast-track program set forth in the Memorandum from Attorney General John Ashcroft, *Department Principles for Implementing an Expedited Disposition or "Fast-Track" Prosecution Program in a District* (22 Sept. 2003), available at www.justice.gov/opa/pr/2003/September/03_ag_516.htm (last visited 12 May 2014).

prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court."). Whether a § 2255 petition constitutes a "second or successive" petition depends on the disposition of any prior petitions. A § 2255 petition will be counted as a first petition where it has been adjudicated on the merits or dismissed on the grounds of a procedural default. *See Thai v. United States*, 391 F.3d 491, 494 (2d Cir. 2004) ("This Court has often stated that an initial petition will 'count' where it has been adjudicated on the merits or dismissed with prejudice."); *Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002) ("[W]hen a prior petition is denied because the claim raised is procedurally defaulted (i.e., the petitioner failed to raise the claim on direct appeal and has not made a showing of cause and prejudice for that failure), the denial is 'on the merits,' rendering a subsequently filed petition 'second or successive.'"). On the other hand, the Fourth Circuit has explained:

> [I]t is settled law that not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA. For example, when a first petition is dismissed on technical grounds, such as failure to exhaust state remedies, it is not counted . . . .

*In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006) (*citing Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000)).

As discussed above, the court has concluded that petitioner's § 2255 claim should be dismissed on the merits because he is not entitled to the relief he seeks. Accordingly, it will be recommended that petitioner's motion for an order confirming that his § 2255 petition will not be counted as a first petition under the AEDPA be denied.

## **CONCLUSION**

For the foregoing reasons, it is RECOMMENDED that the government's motion to dismiss (D.E. 36) be GRANTED and that the petition (D.E. 34) be DISMISSED. It is

7
Case 5:10-cr-00240-FL   Document 43   Filed 05/12/14   Page 7 of 8

FURTHER RECOMMENDED that petitioner's motion (D.E. 39) to construe his § 2255 petition as a § 2241 petition and his motion (D.E. 40) for an order confirming that his § 2255 petition will not be counted as a first petition under the AEDPA also be DENIED.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to counsel for the respective parties, who shall have until 26 May 2014 in which to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Responses to any objections shall be filed within 14 days after service thereof, unless otherwise ordered by the court.

SO ORDERED, this the 12th day of May 2014.

_____
James E. Gates
United States Magistrate Judge